### WHEATLAND v. PRYOR et al.

*(Supreme Court, General Term, First Department.    May 15, 1891.)*

APPEAL—WEIGHT OF EVIDENCE—FINDINGS OF REFEREE.

The court, in general term, cannot, in a doubtful case,. upon conflicting evidence, assume the place of the referee to whom a cause has been referred, and decide from

the evidence who is best entitled to credit; and it will only interfere with the referee's decision when facts have been found without evidence, or clearly against evidence.

Appeal from judgment on report of referee.

Action by Philip D. Wheatland against S. Morris Pryor and another. From a judgment entered on the report of a referee defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

W. P. Tolles, (C. G. Holt, of counsel,) for appellants. Billings & Cardozo, (Michael H. Cardozo and Edgar J. Nathen, of counsel,) for respondent.

LAWRENCE, J. In 1887 the plaintiff was engaged in buying and selling stocks in the city of Boston, and the defendants, composing the firm of S. Morris Pryor & Co., were carrying on a similar business in New York. A contract was made between the parties on the 20th of October, 1887, under which the plaintiff was to transmit orders to the defendants. He was entitled to a share of the profits on such orders, and was to hold himself personally responsible for all orders of individuals transmitted by him; and agreed that the acceptance of all orders from firms should be subject to the approval of the defendants, and also to keep at least 5 per cent. margin lodged with the defendants against all accounts opened with said defendants through or by him. The original agreement between the parties expired on the 30th September, 1888, and was continued to the 2d December, 1889, upon the same terms. It was customary for the defendants to render statements to the plaintiff monthly; these statements being rendered as of the close of each month, and being received by the plaintiff about the 7th or 10th of the following month. In his amended complaint the plaintiff sets forth the agreement, and alleges that on the 29th of June, 1889, the defendants were indebted to him in the sum of $11,000 for moneys which became due from them to him for securities purchased and sold by them for him, and for moneys laid out and expended by him for them, and for moneys received by them from and for his account under said agreement, no part of which has been paid, and payment of which has been demanded. The defendants, in their answer, while admitting the agreement between the parties, deny their indebtedness in the sum mentioned in the amended complaint, or in any other sum; and they allege by way of counter-claim that on the 29th of June, 1889, the plaintiff became indebted to the defendants as copartners in the sum of $237.37. It appears that on the 29th of June, 1889, the firm of Pryor & Co. was dissolved, and the referee finds that it is an admitted fact that there was due to the plaintiff from somebody the sum of $11,000, which remains unpaid. Upon the trial before the referee much evidence was introduced, and a number of witnesses examined, the attempt of the defendants being to show that certain drafts which had been paid by the plaintiff were not drawn on account of the firm transactions, but upon loans to the defendant Pryor personally, for which the firm is not responsible. There was conflicting evidence in regard to these drafts, but the referee upon that evidence has found that with the exception of certain loans made in December, 1888, all the disputed transactions were between the plaintiff and the firm, or for moneys paid by the former for the latter, and not for the defendant Pryor personally. Under these circumstances, upon well-established principles, we see no reason for disturbing the report of the referee. See Roosa v. Smith, 17 Hun, 138; Clark v. Donaldson, 3 Hun, 224; Bank v. Crosby, 1 N. Y. Supp. 256; Eighme v. Strong, Id. 502. There is certainly evidence which most strongly supports the finding of the referee; and the well-considered opinion which he has rendered in the case shows that he has thoroughly examined that evidence. The question involved here is one of fact, and, in the language of the court in Roosa v. Smith, 17 Hun, at page 139: "We think it very clear that a general term cannot, in a doubtful case, upon conflicting evidence, like the one under review, assume the place of the ref-

eree, and determine from the mere reading of the evidence who has told the truth, or is best entitled to credit. This would be imposing upon us a duty unsafe to exercise and dangerous in its ordinary use. It would make of a referee to try an issue simply a referee to report the testimony to this court, which in such cases would review nothing but the evidence, giving such a decision as, in its judgment, upon the evidence, is just. We understand this court has the power to examine the evidence and the findings of fact in cases tried before the referee or the courts; that it has the power, and it is its duty, to interfere when facts have been found without evidence, or clearly against evidence. But we do not understand it can be called on in doubtful cases, upon conflicting evidence depending upon the character and credibility of witnesses, to review and re-adjust the facts upon the evidence as it shall appear to it on paper." We have examined the exceptions taken upon the trial by the defendants, and are of the opinion that none of them are well founded. For these reasons we are of opinion that the judgment appealed from should be affirmed, with costs and disbursements to the respondent. All concur.